STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0606

SUCCESSION OF JOHN G. OTILLIO, IV

Judgment Rendered: **JAN 1 0 2023**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 20200030372

Honorable Brian Abels, Judge Presiding

* * * * *

| | |
|---|---|
| Frank J. DiVittorio<br>Hammond, LA | Attorney for Plaintiff-Appellee,<br>Bonnie Otillio |
| Amanda Shively<br>Kathryn A.E. Sunseri<br>J. Douglas Sunseri<br>Metairie, LA | Attorneys for Defendant-Appellant,<br>Diana "Susie" Schnauder |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

Diana "Susie" Schnauder seeks appellate review of the trial court's December 2, 2021 judgment, as amended on November 14, 2022, finding that the purported Last Will and Testament of John G. Otillio, IV dated July 31, 2020 (hereinafter, the "2020 Will") was not in valid form and decreeing that the probate of the 2020 Will was absolutely null and void, setting aside any order probating the 2020 Will. For the reasons that follow, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Bonnie Otillio (hereinafter, "Bonnie"), who was married to John G. Otillio, IV (hereinafter, "John"), instituted this action on September 28, 2020 by the filing of a petition for probate and confirmation of testamentary independent executrix in the 21st Judicial District Court (hereinafter, "JDC") in and for the Parish of Tangipahoa. According to the petition, John was domiciled in Tangipahoa Parish at the time of his death on August 23, 2020. Bonnie and John physically separated prior to his death, with John initially moving into a jointly owned house in St. Bernard Parish and then moving into a separate residence in St. Charles Parish after being placed on hospice care. However, Bonnie maintained that John never intended to change his domicile.

Through the petition, Bonnie sought to probate the Last Will and Testament of John G. Otillio, IV dated August 6, 2014 (hereinafter, the "2014 Will") but acknowledged that John's aunt, Diana "Susie" Schnauder (hereinafter, "Susie"), maintained that John executed the subsequent 2020 Will. Bonnie was appointed and confirmed as testamentary independent executrix, and the 2014 Will was ordered filed and recorded in accordance with La. Code Civ. P. art. 2891.

On October 13, 2020, Susie sought to probate the 2020 Will in the 29th JDC in and for the Parish of St. Charles, maintaining that John was domiciled and "had a fixed place of residence" in St. Charles Parish. The 29th JDC issued an order

2

appointing and confirming Susie as the independent administrator and directing letters of independent administration to be issued. A "Statutory Will Order" was also issued in the 29th JDC proceedings in accordance with La. Code Civ. P. art. 2891.[1] Thereafter, Susie filed multiple exceptions, including the peremptory exception raising the objection of improper venue, in the 21st JDC proceedings. Ultimately, the parties entered into a consent judgment in the 21st JDC proceedings, signed by the court on June 18, 2021, in which the parties agreed that Susie's exceptions would be withdrawn as moot and the 29th JDC proceedings would be transferred to the 21st JDC. The consent judgment further provided that Bonnie would not contest the validity of the will on the basis of capacity and that the appointment of Susie as independent administrator would be recognized by the 21st JDC.

Subsequent to the transfer of the 29th JDC proceedings to the 21st JDC proceedings, Bonnie filed a petition to annul the probated 2020 Will, attaching the 2020 Will as an exhibit to the petition. Bonnie maintained that the 2020 Will failed to comport with the required elements of form set forth in La. Civ. Code art. 1577. No opposition to the petition to annul is contained within the record, and no appearance by or on behalf of Susie was made at the hearing. At the conclusion of the hearing, the trial court granted the petition to annul and signed a judgment on December 2, 2021. It is from this judgment Susie appeals, maintaining that the trial court erred in granting the petition to annul in contravention of the supreme court's decision in **Succession of Liner**, 2019-02011 (La. 6/30/21), 320 So.3d 1133.

After this court examined the record, an interim order was issued, pointing out that the December 2, 2021 judgment did not name the party in favor of whom the

---

[1] Louisiana Code of Civil Procedure article 2891, provides that "[a] notarial testament, a nuncupative testament by public act, and a statutory testament do not need to be proved. Upon production of the testament, the court shall order it filed and executed and this order shall have the effect of probate."

3

ruling is ordered or the party against whom the ruling is ordered. See **Succession of Simms**, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So.3d 110, 115 (To be considered a final, appealable judgment, the specific relief should be determinable from the judgment without reference to any extrinsic source or to other documents in the record.). The matter was remanded to the trial court for the limited purpose of instructing the trial court to sign an amended judgment pursuant to La. Code Civ. P. art. 1951 correcting the deficiency and complying with La. Code Civ. P. art. 1918. Subsequently, the record was supplemented with an amended judgment signed by the trial court on November 14, 2022, in which the deficiencies were corrected.

## LAW AND ANALYSIS

At issue in this appeal is whether the 2020 Will should be annulled on the basis that it failed to sufficiently comply with the requirements set for a notarial will pursuant to La. Civ. Code art. 1577.

Louisiana Civil Code article 1577 provides:

The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, ____."

Additionally, La. Civ. Code art. 1573 provides, "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null."

In **Liner**, 320 So.3d 1133, the supreme court reexamined under what circumstances a will may be considered a material deviation from the requisite form and, consequently, absolutely null. According to **Liner**, strict compliance with

4

formal requirements for notarial testaments is not necessary. Rather, an attestation clause need only be "substantially similar" to the language provided in the Civil Code. **Liner**, 320 So.3d at 1137. The court in **Liner** stated that an attestation clause is to be construed liberally to determine whether it sufficiently evinces the requisite formalities to serve the protective function of guarding against the risk of fraud. **Id.** at 1138. Moreover, the supreme court overruled the prevailing case of **Successions of Toney**, 2016-1534 (La. 5/3/17), 226 So.3d 397, insofar as **Toney** stood for "the proposition that an aggregate of slight deviations constitute a material deviation regardless of their cumulative effect on the risk of fraud." **Id.** Specifically, the court in **Liner** stated:

> Courts must determine if a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud. This involves a contextual analysis of the protective function of a will's formalities in light of the document itself. ... If the court's analysis reveals an increased likelihood that fraud may have been perpetrated, the deviations are material and cause to nullify the will exists. If not, the deviations are slight and should be disregarded. Whether the deviating language sufficiently protects against the risk of fraud is construed liberally in favor of maintaining the validity of the will. Mere allegations of fraud are not outcome determinative.

**Id.** at 1138. (Internal citations omitted.) It is under this framework that deviations in attestation clauses should be reviewed. **Succession of Simms**, 2022-0186 (La. App. 1 Cir. 10/19/22), ___ So.3d ___, ___, 2022 WL 11119403, at *3 (relying on **Liner**, 320 So.3d at 1138).

However, no attestation was made by either the witnesses or the notary in this case. The 2020 Will only contains the following declaration by John, the testator:

> This my Last Will and Testament, which I have signed on the date hereinabove stated, in the presence of the undersigned Notary Public and witnesses this, after due presentation and declaration by me, Testator, that this is my Last Will and Testament.

**WITNESSES:**

[signature of witnesses]                    [signature of John]

[signature of notary]

5

No other attestation or declaration of any kind appears on the one-page document in any form.

There appears to be no question that "[i]n the presence of a notary and two competent witnesses," the testator, John, declared to them that the 2020 Will was his testament and that John signed his name at the end of the testament.[2] La. Civ. Code art. 1577(1). However, La. Civ. Code art. 1577(2) requires that the witnesses and notary make a declaration, which need only be "substantially similar" to the language provided in the Civil Code. **Liner**, 320 So.3d at 1137. In the absence of a declaration of any kind made by the witnesses and notary, we find that the deviation is material, and the 2020 Will fails to comply with La. Civ. Code art. 1577(2). The rule of liberal construction set forth in **Liner**, 320 So.3d at 1138, cannot create a declaration where none exists.

Accordingly, we do not find merit in Susie's assignment of error.

## CONCLUSION

For the reasons set forth above, the trial court's December 2, 2021 judgment, as amended by the November 14, 2022 judgment, is affirmed. All costs of the appeal are assessed to defendant-appellant, Diana "Susie" Schnauder.

**AFFIRMED.**

---

[2] It is noted that testator herein signed the end of the one-page testament and signed again at the bottom of the page below the signatures of the witnesses and notary.